**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

BAYS EXPLORATION, INC., a Texas )
  corporation; BAYS ENERGY PARTNERS )
  2007 L.P., a Texas limited partnership, )
                                    )
       Plaintiffs, )
                                    )
vs. )      NO. CIV-07-754-D
                                    )
PENSA, INC., a Colorado corporation, )
                                    )
       Defendant. )

## ORDER

Before the Court are the Motions in Limine of Plaintiffs [Doc. No. 191] and Defendant [Doc. No. 171][1]. The parties have fully briefed their respective motions.

A. Plaintiffs' motions in limine:

Plaintiffs seek to exclude ten separate categories of evidence. The Court notes that several categories repeat the Plaintiffs' arguments in their *Daubert* motions seeking to exclude the testimony of Defendant's expert witnesses, Robert A. Campbell and John R. Reeves. The *Daubert* motions are addressed in two Orders filed separately in this case; the Court will not repeat here the rulings in those Orders, but incorporates the rulings as though fully set forth herein. Plaintiffs' ten in limine contentions are addressed as follows:

1. Any reference to alleged damage to the Bromide formation in the Treasure Valley prospect:

As Plaintiffs note, Mr. Campbell's expert report contains a lengthy discussion stating his opinion that, in conducting operations in the Treasure Valley prospect, Bays Exploration, Inc. ("Bays") damaged the Bromide formation through purportedly improper or imprudent drilling and

---

[1] Although Defendant's response to Plaintiffs' motion in limine states that such motions are unnecessary because this case will be tried to the Court rather than to a jury, Defendant also filed a motion in limine.

completion of the Anderson No. 1 well. Plaintiffs seek exclusion of this evidence, arguing that Mr. Campbell's expert testimony should be entirely excluded for the reasons set forth in its separate *Daubert* motion. In the separate Order addressing that motion, the Court concluded that Mr. Campbell will not be disqualified or excluded as an expert witness. The Court also concluded Plaintiffs' challenges to the evidentiary sufficiency of the underlying bases for his conclusions go to the weight, rather than the admissibility, of his testimony and, to some extent, his credibility. The evidence underlying Mr. Campbell's opinion regarding purported damage to the Bromide formation represents one of those challenges. The evidence will not be excluded; Plaintiffs' challenges to its accuracy or sufficiency may be asserted in cross-examination at trial. Thus, the motion in limine is denied as to this category.

2. Any reference to alleged overcharges on transactions between Bays Oilfield Supply and Bays Exploration:

Mr. Campbell also opines regarding the propriety of certain billings to Defendant PenSa by Bays as operator of the wells and properties involved in this case. His opinion is designed to calculate damages allegedly sustained by PenSa, and one of the categories of damages is based on its contention that certain charges were excessive or improper. Among his bases for concluding that PenSa was overcharged is his assertion that, because of the purported relationship between Bays and Bays Oilfield Supply Company ("BOSC"), Bays had a conflict of interest in purchasing equipment from BOSC. He contends this conflict violated Bays's obligations as operator, and led to the submission of excess and improper charges to PenSa.

Plaintiffs argue this evidence should be excluded because Mr. Campbell's contentions are not supported by the evidence. They contend Mr. Campbell has failed to identify evidence supporting a purported conflict of interest, and his conclusory allegations should be excluded.

As noted in the Court's Order ruling on Bays's partial summary judgment motion, the issue of PenSa's failure to pay certain amounts and its claim that Bays overcharged it are disputed facts which must be resolved at trial. Mr. Campbell's testimony regarding the alleged improper charges is relevant to that dispute. Whether his allegations regarding a conflict of interest are supported by the evidence is a matter for the Court to decide, as is the propriety of the charges submitted to PenSa and the consequences, if any, of its admitted failure to pay certain amounts. The accuracy and sufficiency of the evidentiary bases for Mr. Campbell's contentions are properly the subject of cross-examination by Plaintiffs, and the parties' evidence will be considered by the Court in deciding the issues at trial. The motion in limine is denied as to this category.

3. Any reference to Mr. Reeves's legal conclusions concerning the various operating agreements or letter agreements:

Plaintiffs repeat their contention that Mr. Reeves, who is an oil and gas attorney, cannot be permitted to present testimony consisting of legal conclusions on matters to be decided by the Court. As set forth in the Order addressing the *Daubert* motion directed at Mr. Reeves's testimony, Plaintiffs are correct in this contention, and the Court will restrict Mr. Reeves's testimony accordingly.

4. Any reference to damage calculations disclosed after the filing of the final pretrial conference order and close of discovery:

Plaintiffs next ask the Court to rule that PenSa is bound by the damages calculation prepared and disclosed at the conclusion of discovery and the filing of the parties' Final Pretrial Report. Plaintiffs argue at some length that PenSa failed to comply with the requirements of Fed. R. Civ. P. 26(a) regarding disclosure of damages computations, contending PenSa delayed in calculating and disclosing its claimed damages until after the discovery deadline had expired. PenSa contends that its delay in calculating damages was caused by Plaintiffs' failure to timely produce documents.

Unfortunately, this case has been plagued with ongoing discovery disputes since its filing. Several Court orders have been required to resolve these disputes, and both Plaintiffs and Defendant have been directed to comply with requests for documents and related discovery. Notwithstanding their apparent continuing conflicts, the parties submitted for Court approval their Second Revised Final Pretrial Report [Doc. No. 215] which was approved by the Court on August 5, 2010. That report includes, *inter alia*, a list of the parties' exhibits. Pursuant to the Local Civil Rules, that list represents the final list of exhibits to be offered at trial, and the parties are required to have exchanged copies of the final exhibits in connection with their submission of the Final Pretrial Report. *See* LCvR 39.4(a). Any exhibits reflecting damages calculations were final as of the submission of the Second Revised Pretrial Report, and those exhibits will not be revised absent a request by the parties and approval by the Court.

To the extent that Plaintiffs complain PenSa's damages exhibit produced and listed on the Second Revised Final Pretrial Report contained new calculations which it could not question because discovery was closed, it appears from the record that PenSa has offered to permit discovery on that issue. The parties have not sought the Court's permission to pursue such discovery. However, if Plaintiffs are unable to ascertain the basis for the final damages calculation set forth in the exhibit listed in the Second Revised Final Pretrial Report, the Court will consider a request to permit discovery on that limited issue. The Court finds, however, that Plaintiffs motion to exclude the final damages calculation must be denied.

5. Any reference to evidence or testimony disclosed after the filing of the final pretrial conference order and close of discovery:

Plaintiffs' contentions regarding this category repeat their concern that, notwithstanding the filing and approval of the Second Revised Final Pretrial Report, PenSa continues to alter its damages

4

calculations and seeks to add other evidence to support its defenses and counterclaims.

The Court reminds the parties that, as set forth with respect to category 4 of Plaintiffs' motion, the Second Revised Final Pretrial Report is binding on all parties. Additional witnesses and exhibits will not be permitted, absent a motion demonstrating compelling circumstances for further amendment of that Report. To the extent PenSa suggests otherwise, it is incorrect. The motion is granted to the extent it seeks to limit the evidence to that set out in the Second Revised Final Pretrial Report.

      6. Any reference to third-party statements concerning PenSa's willingness or ability to purchase Bays Exploration's interest:

This category relates to the parties' respective contentions regarding the Preferential Right to Purchase provisions in the joint operating agreements. In its Order ruling on Bays Energy's partial summary judgment motion, the Court found in favor of Plaintiffs on PenSa's claim that these provisions were violated by Bays and Bays Energy. Accordingly, this claim is not longer at issue, and no evidence will be admitted. The motion in limine is thus granted as to this issue.

      7. Any reference to third-party statements concerning the signature on the certified mail receipt dated January 27, 2007:

This category also relates to an issue previously addressed by the Court. In its Order ruling on Bays's partial summary judgment motion, the Court addressed the timeliness of PenSa's election to participate in the Konlee Jae No. 2-35 well (later renamed the Joey No. 1-35 well). The Court found in favor of Bays and against PenSa, and granted Bays's motion on this issue. Accordingly, the issue is moot, and evidence related to the timeliness of PenSa's election will not be admitted. On that basis, the motion in limine is granted as to this category.

      8. Any reference to ratification statements by third-party investors:

This category of evidence relates to Plaintiffs' contention that, because PenSa had third-party

investors, it is not the real party in interest as to the counterclaims it asserts. Plaintiffs argue that there are 20 third-party investors, but that PenSa seeks recovery of 100 per cent of the damages on its asserted claims.

Plaintiffs argue that they sought to depose the third-party investors, and PenSa objected because of the limitations on the number of depositions. According to Plaintiffs, they deposed six investors. They now seek to exclude evidence which PenSa will seek to offer in the form of statements of ratification executed by the other investors.

In response, PenSa states there are 23 third-party investors, and it has obtained ratification statements from all but two investors; it contends these ratification statements authorize it to pursue claims on behalf of the third parties. PenSa asks the Court to withhold a ruling on the admissibility of these statements until the appropriate time at trial.

This evidence relates to an issue which was not raised in the summary judgment motions and has not yet been presented to the Court. Because this is a nonjury proceeding, trial will not be unnecessarily delayed by the need to determine the admissibility of the ratification statements. The Court agrees with PenSa that a ruling regarding admissibility should be made at the appropriate time during trial. Accordingly, the Court reserves its ruling on this category of evidence.

9. Any reference to alleged damages incurred by PenSa's investors:

This category of evidence also relates to PenSa's claims on behalf of its investors. Plaintiffs challenge the propriety of Mr. Campbell's damages calculations because they believe he includes damages allegedly sustained by third parties. According to Plaintiffs, Mr. Campbell's second supplemental expert report includes new damages calculations; because that report was submitted after discovery concluded, Plaintiffs have been unable to depose him in order to determine if

6

damages attributable to third party investors are included.[2]

Because of the uncertainty regarding the basis for the damages calculation and whether this is the calculation contained in the Second Revised Final Pretrial Report, the Court cannot determine the admissibility of this evidence at this time. Accordingly, the Court reserves its ruling on this issue until the appropriate time during trial.

10. Any reference to settlement discussions, negotiations, or offers made in relation to PenSa's disputed claims:

Plaintiffs next seek to exclude evidence of settlement discussions with regard to PenSa's claims based on the preferential right to purchase and preferential right to sell provisions of the joint operating agreements. As Plaintiffs correctly argue, such discussions are properly excluded under the Federal Rules of Evidence and will not be admitted at trial, unless in compliance with such rule. The motion is granted as to such evidence.

B. PenSa's motion in limine

In its motion in limine, PenSa seeks to exclude from evidence the depositions of the six third-party investors referenced in Plaintiffs' motion in limine. According to PenSa, Plaintiffs intend to present these witnesses by deposition. It contends that part of the deposition testimony involves PenSa's "alleged deficient practices with its investors." It argues that such purported deficiencies are unrelated to any claim or counterclaim in this action, and seeks exclusion of this testimony. In the alternative, PenSa asks the Court to permit it to present rebuttal testimony from these witnesses, and to do so via telephone.

In its response to the motion, Plaintiffs set forth their argument that PenSa is not the real party in interest with respect to the counterclaims it asserts, as it seeks to recover damages for

---

[2] As discussed, *supra*, the damages calculations to be offered at trial will be limited to the Second Revised Final Pretrial Report, and Plaintiffs may seek leave to depose Mr. Campbell if those calculations were prepared after discovery concluded.

investors who are not parties to this lawsuit. Plaintiffs state that the testimony is intended to show that investors who executed ratifications authorizing PenSa to pursue claims were not fully informed regarding the claims and defenses asserted by PenSa. Plaintiffs further suggest that, if PenSa intends to call these witnesses in rebuttal, their appearance by telephone is improper. According to Plaintiffs, PenSa's counsel attended the depositions and had ample opportunity to obtain the investors' testimony at that time.

Based on the information presented to the Court on this issue, it appears the deposition testimony of the six investors is relevant. PenSa's reference to the subject of its "alleged deficient practices" is unclear, and the Court cannot speculate on its meaning. While it may be necessary to limit the scope of the investors' deposition testimony, the Court finds that Plaintiffs should be allowed to present it. PenSa's suggestion that rebuttal testimony be presented by telephone is rejected. If PenSa seeks to offer rebuttal testimony, it may designate the appropriate portions of the deposition transcripts for that purpose; alternatively, the witnesses may appear at trial. Telephone testimony will not be permitted. Accordingly, PenSa's motion seeking exclusion of this evidence is denied.

C. Conclusion:

For the foregoing reasons, Plaintiffs' motion in limine [Doc. No. 191] is granted in part, denied in part, and reserved in part. Defendant's motion in limine [Doc. No. 171] is denied.

IT IS SO ORDERED this 3rd day of March, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE