# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BAYS EXPLORATION, INC., a Texas corporation; BAYS ENERGY PARTNERS 2007 L.P., a Texas limited partnership, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. CIV-07-754-D |
| PENSA, INC., a Colorado corporation, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion to Reconsider [Doc. No. 222] filed by PenSa, Inc. ("PenSa"). PenSa asks the Court to reconsider a portion of its March 2, 2011 Order [Doc. No. 218] granting the partial summary judgment motion of Bays Energy Partners 2007 L.P. ("Bays Energy"). Specifically, PenSa asks the Court to allow it to submit additional evidence on that portion of the Order granting Bays Energy's motion as to PenSa's counterclaim alleging a breach of preferential right to sell provisions in the Joint Operating Agreements ("JOAs") executed by the parties for certain oil and gas wells covered by the subject JOAs. Bays Energy has responded to the PenSa's motion, and PenSa has filed a reply.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). Where a motion seeks reconsideration of an interlocutory order, the motion may be considered under Rule 54(b), which authorizes a court to revise an interlocutory order at any time before the entry of a judgment. *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir.2003). To

determine the propriety of reconsideration under Rule 54(b), courts apply the legal standards applicable to a Rule 59(e) motion to alter or amend a judgment. *Tomlinson v. Combined Underwriters Life Ins. Co.*, 684 F. Supp. 2d 1296, 1299 (N. D. Okla. 2010); *Sump v. Fingerhut, Inc.*, 208 F. R. D. 324, 326-27 (D. Kan. 2002) (citing *Renfro v. City of Emporia*, 732 F. Supp. 1116, 1117 (D. Kan. 1990)) ("courts routinely turn to the standards established under Rule 59(e) for instruction in constructing a review standard when considering a possible revision of an interlocutory order.") Under Rule 59(e), "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000).

Where, as here, the motion is filed beyond the deadline set forth in Rule 59(e), a motion to reconsider is generally analyzed under the requirements of Fed. R. Civ. P. 60(b). *Hatfield v. Bd. of County Comm'rs*, 52 F. 3d 858, 861 (10th Cir. 1995); *Van Skiver*, 952 F. 2d at 1242. Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances."*Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir.2006). "A litigant establishes exceptional circumstances by satisfying at least one of Rule 60(b)'s six grounds for relief." *Id.* These are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment. *Id.* (citing Rule 60(b)).

In this case, PenSa does not suggest that any of the specific grounds set forth in Rule 60(b) are present here; however, it contends the Court erred in its interpretation of the evidence regarding

2

the obligations of the parties concerning the preferential right to sell provision. It seeks to introduce an affidavit in support of its argument in that regard.

In a motion to reconsider, a party may not attempt to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete,* 204 F.3d at 1012. In their voluminous briefs addressing Bays Energy's partial motion for summary judgment, the parties extensively briefed their arguments regarding the preferential right to sell provision, and they submitted extensive exhibits for the Court's consideration and review. In its Order [Doc. No. 218], the Court discussed these issues at length; it concluded Bays Energy is entitled to judgment on the issue in question and, in so concluding, the Court extensively addressed the parties' contentions and the exhibits.

The Court concludes that PenSa's motion to reconsider is a reiteration of arguments previously asserted and rejected by the Court. No additional evidence is appropriate, as the affidavit submitted by PenSa is not new evidence discovered after the Court ruled. The correspondence submitted by PenSa was previously submitted in connection with the summary judgment briefing, and was considered by the Court along with the numerous other exhibits submitted by the parties. PenSa offers no argument sufficient to cause the Court to reconsider its previous ruling. Accordingly, the motion [Doc. No. 222] is DENIED.

IT IS SO ORDERED this 15th day of June, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE