IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BAYS EXPLORATION, INC., a Texas Corporation; BAYS ENERGY PARTNERS 2007 L.P., a Texas limited partnership, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. CIV-07-754-D |
| PENSA, INC., a Colorado corporation, | ) ) | |
| Defendant. | ) | |

**O R D E R**

      Before the Court are the proposed Third Amended Final Pretrial Report [Doc. No. 248], and Plaintiffs' Motion to Strike [Doc. No. 252] portions of Defendant's claims as set forth in the Third Amended Final Pretrial Report ("3d FPR").[1]  Defendant has responded [Doc. No. 255].

      A brief recitation of some of the procedural history of this case is called for.  This case was filed in July 2007.  An answer with counterclaims was asserted by Defendant.  Several requests to file amended pleadings were granted, as were multiple requests for the extensions of deadlines.  To describe this litigation as contentious is an understatement; three motions to compel, two motions to quash, one motion for sanctions, and two motions for reconsideration have been filed.  Motions for summary judgment with voluminous briefing were asserted and ruled on, eliminating several counterclaims asserted by Defendant, and limiting others.

      After the summary judgment rulings, the Court held a status conference in the case on July

---

[1] Objections corresponding to Plaintiffs' assertions in the Motion to Strike were noted by Plaintiffs in the 3d FPR.

11, 2011. At the conference the Court advised the parties that a revised Final Pretrial Report would be required, and explained that the purpose for the revision would be to reflect the elimination of claims as a result of the Court's summary judgment rulings, and to allow the parties to update damages calculations through May 31, 201l. The Court expressly instructed the parties that the submission of a revised Final Pretrial Report would not be an opportunity to expand the allegations in the case. The case was set for trial on the December 2011 trial docket.

As the December 5, 2011 trial date approached, it came to the Court's attention that the revised Final Pretrial Report had not been submitted. On November 18, 2011, the Court set the case for a pretrial conference, and established a deadline for submission of the revised Final Pretrial Report [Doc. No. 243]. The Court also reiterated its previous instructions to counsel, as follows:

> The parties are reminded, as discussed at length during the July 11, 2011 status conference in this case, that: 1) the revised report must omit all issues eliminated by the Court's rulings on summary judgment motions, motions in limine, and *Daubert* motions, and should reflect only the remaining issues; 2) the parties' respective contentions must be streamlined, and should not contain rhetorical argument; 3) exhibit and witness lists must be streamlined to comport with the issues remaining for trial; 4) the parties must engage in a good faith effort to minimize objections to exhibits and witnesses; and 5) the revised report shall *not* expand the content of the Second Revised Pretrial Report, except as is necessary to update the damages calculations. With respect to the damages calculations, the Court determined at the July 11, 2011 status conference that May 31, 2011 is the cutoff date for damages calculations.

Order dated November 18, 2011 [Doc. No. 243] (emphasis in original).

The parties submitted the proposed 3d FPR on November 28, 2011. As previously noted, Plaintiffs objected to the inclusion of a number of paragraphs within Defendant's legal issues and contentions portions of the 3d FPR.[2] The Court has reviewed the 3d FPR, and has compared it to

---

[2] During the final pretrial conference held on November 28, 2011, in addressing Plaintiffs' objections, the Court extended to Defendant an opportunity to substitute a further revised Final Pretrial Report by November 30, 2011, but Defendant has elected not to do so.

the Second Revised Final Pretrial Report ("2d FPR"), which the Court previously approved on August 5, 2010.  Additionally, the Court has reviewed Defendant's most recent pleading – Defendant's Answer to Plaintiffs' Second Amended Complaint and Second Amended Counterclaims – as well as the Court's orders in connection with the motions for summary judgment.

The Court preliminarily notes that Defendant's legal issues portion of the 2d FPR contained 18 separate paragraphs within pages 14-16 of the document; the corresponding portion of the 3d FPR contains 28 separate paragraphs within pages 11-14 of the document.  A specific examination of Defendant's issues and contentions reveals new and expanded claims, and includes contentions previously foreclosed by the Court's summary judgment rulings.  Thus, Defendant has violated the Court's previous directions and November 18 Order as set forth more specifically below.

To the extent that Defendant's legal issues and contentions at ¶ 4, page 11, of the 3d FPR concern so-called "missing oil payments" (as described by Plaintiffs at page 23, n. 7), it presents new allegations that were not included in the 2d FPR, were not included in Defendant's pleading, and will not be approved as part of an acceptable Final Pretrial Report.

Paragraph 17 at page 13 of the 3d FPR contains new allegations beyond the 2d FPR and Defendant's pleading, and will not be approved.

Paragraph 20 at page 13 of the 3d FPR relates to the right to sell provisions of the applicable Joint Operating Agreements, which is a claim the Court disposed of in its Order [Doc. No. 218] granting partial summary judgment to Bays Energy on that issue.  Defendant's assertion that the claim, in some form, survived summary judgment is wrong, which should have been abundantly clear following the Court's denial of Defendant's motion to reconsider [Doc. No. 222], as set forth in the Court's Order on that motion [Doc. No. 227].

Paragraph 21 at page 13 of the 3d FPR goes beyond the contents of the 2d FPR, is beyond the scope of Defendant's pleading, and constitutes new allegations. Paragraph 21 is, therefore, rejected.

Paragraph 23 at page 14 of the 3d FPR constitutes new allegations beyond the 2d FPR and Defendant's pleading, and will not be approved.

Paragraph 25 at page 14 constitutes new assertions beyond the 2d FPR and Defendant's pleading, and will not be approved.

Similarly, in its contentions regarding damages at page 23 of the 3d FPR, Defendant includes $14,000,000 sought in connection with the right to sell provision claim which has been disposed of by the Court's summary judgment rulings. This contention will not be approved as part of an acceptable Final Pretrial Report. Likewise, the damages contention attributable to a "missing oil" claim in the amount of $318,187.43 will not be approved. Further, the Court notes that the damages sought for lost profits reflected in the 2d FPR were $9,474,569.00; in the 3d FPR this amount has increased to $27,752,019.00. The Court is skeptical that such an increase resulted simply by way of updating damages calculations through May 31, 2011, but the Court does not have sufficient information at this time to make that determination.

The parties are directed to provide the Court with a revised proposed Final Pretrial Report that conforms to the determinations herein. The parties are also directed to comply with the Court's instructions during the pretrial conference regarding the reasonable reduction of objections to the exhibits listed in such report. The revised Final Pretrial Report shall be filed and delivered to the Court no later than 5:00 p.m., December 2, 2011.

Following the completion of the trial of this case, the Court will set a hearing at which

Defendant will be afforded an opportunity to show cause why appropriate sanctions should not issue under Fed. R. Civ. P. 16(f) in connection with the violations of the Court's Order and directions as set forth above.

It is therefore ordered that Plaintiffs' Motion to Strike [Doc. No. 252] is GRANTED to the extent set forth herein.

IT IS SO ORDERED this 2nd day of December, 2011.

*[signature]*
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE