# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BAYS EXPLORATION, INC., a Texas corporation; BAYS ENERGY PARTNERS 2007 L.P., a Texas limited partnership, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )    NO. CIV-07-754-D<br>) |
| PENSA, INC., a Colorado corporation, | )<br>) |
| Defendant. | ) |

## ORDER

The nonjury trial of this matter is scheduled to resume on January 19, 2012. Following the first five days of trial, the parties submitted the portions of the deposition transcripts reflecting the deposition testimony they have designated for use at trial in lieu of live testimony. In response to some of the deposition designations submitted by PenSa, Inc. ("Pensa"), Plaintiffs object on the grounds that the witness whose testimony is designated is employed by Plaintiff Bays Exploration, Inc. ("Bays"), and resides within one hundred miles of this Court. According to Plaintiffs, Fed. R. Civ. P. 32(a)(4) precludes presentation of the testimony of these witnesses by deposition, and they must be subpoenaed to present live testimony at trial.[1] Specifically, Plaintiffs object to the use of deposition testimony in lieu of live testimony for Joe Bays [Doc. No. 240], and Steve Ramsey, Carlos Gonzales, George Matson, Joey Oxley, and Maria Cox [Doc. No. 239].

---

[1] Each party has also asserted other objections to portions of the opposing party's designated deposition testimony. However, these objections do not require a ruling in advance of January 19, and rulings will be made at the appropriate time during the resumed trial. Plaintiffs also objected [Doc. No. 241] to the designations of two witnesses, Carl Peterson and David Hazleton, based on the format of the deposition transcripts referenced by PenSa. During the pretrial conference in this case, however, the parties advised the Court that the dispute regarding these two witnesses has been resolved.

Permissible use of testimony by deposition:

As Plaintiffs argue, Fed. R. Civ. P. 32(a)(4) permits the use at trial of the deposition of an "unavailable witness" in lieu of that witness's live testimony. One of the bases[2] for qualifying as an "unavailable witness" for this purpose is the fact that the witness is more than 100 miles from the location of the trial, unless it appears that the witness's absence was procured by the party offering the deposition. Fed. R. Civ. P. 32(a)(4)(B).

However, Rule 32 (a) also provides in pertinent part:

> Deposition of Party, Agent, or Designee. An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

Fed. R. Civ. P. 32(a)(3). Accordingly, even if the deponent does not qualify as an "unavailable witness" under Rule 32(a)(4), his or her testimony by deposition remains authorized if the deponent is an officer, director or managing agent of Bays.

Officers and directors:

It is not disputed that Joe Bays is the President of Bays Exploration, and he held that position at the time he was deposed. Accordingly, as an officer of a party, Pensa may present his testimony by deposition according to Rule 32(a)(3).

The Court has reviewed the record in this case as well as the deposition designations of the other challenged witnesses and has not located anything suggesting that Steve Ramsey, Carlos Gonzales, George Matson, Joey Oxley or Maria Cox are officers or directors of Bays Exploration. Accordingly, the Court must determine whether any of these deponents was a designated

---

[2] The Rule provides other permissible bases for determining a witness is unavailable for this purpose, including, *inter alia*, death, age, illness or infirmity. Fed. R. Civ. P. 32(a)(4)(A)-(E). None of the remaining bases is asserted by PenSa.

representative or a managing agent at the time of the respective depositions.

Designated representative:

The Court has reviewed each of the deposition transcripts of the challenged witnesses, and the transcripts do not reflect that any of the remaining witnesses was designated as a Rule 30(b)(6) or Rule 31(a)(4) representative for Plaintiffs. Accordingly, the information before the Court suggests that their depositions cannot be used at trial on this basis.

Managing agent:

The Tenth Circuit has developed a test for determining whether a deponent is a managing agent for purposes of Rule 32:

> Factors considered by the federal courts in determining whether an individual is a "managing agent" under Rule 32(a)(2)[3] are <u>whether the agent's interests are identified with those of the principal, the nature and extent of the agent's functions, responsibilities and duties, the extent of the agent's power to exercise judgment and discretion, and whether any person or persons higher in authority than deponent were in charge of the particular matter or possessed all of the necessary information sought in the deposition.</u> *See Crimm v. Missouri P.R. Co.*, 750 F.2d 703, 708-09 (8th Cir.1984); *Terry v. Modern Woodmen of America*, 57 F.R.D. 141, 143 (D.Mo.1972); *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 96 (S.D.N.Y.1968).

*Stearns v. Paccar, Inc.*, 1993 WL 17084, at *4 (10th Cir. Jan. 22, 1993) (emphasis added) (unpublished opinion). Whether a witness is a managing agent does not depend on his or her job title, but is determined by examining the witness's actual job responsibilities. *Young & Associates Public Relations, L.L.C. v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 523 (D. Utah 2003) (citing *Stearns* and applying the factors set forth, *supra*).

Accordingly, the Court has reviewed the record and the deposition transcripts for each of the challenged witnesses to determine if any qualify as managing agents for Rule 32 purposes.

---

[3] The Rule has been amended since this decision, and the managing agent language now appears at Rule 32(a)(3).

1. Steve Ramsey. The record before the Court and the deposition transcripts at issue reflect that Steve Ramsey qualifies as a "managing agent" of Bays. Witnesses testified that Mr. Ramsey served as Operations Manager for Bays. *See* dep. of George Matson, p. 18, lines 21-25. In his trial testimony, Joe Bays described Mr. Ramsey as an engineer who he regarded as his "right hand man." Mr. Ramsey testified in his deposition that his field of expertise is primarily reservoir engineering, but his job at Bays involved a variety of duties, including generating Authorizations for Expenditures for wells and working closely with Carlos Gonzalez regarding well development and completion and related matters. Ramsey dep., pp. 34, 40-41. Mr. Ramsey also testified that he made the decision to stop offsetting PenSa revenues against expenses owed. *Id.* at pp. 179-180. Additionally, his deposition testimony reflects direct involvement in major decisions made by the company, especially with respect to drilling and operations. Dep., p. 34. His own testimony and the trial testimony of Joe Bays reflect that Mr. Ramsey had decision-making authority and was directly involved in decisions regarding Bays Exploration's operations. Given the extent of his responsibilities, the Court finds that Mr. Ramsey is a "managing agent" of Bays Exploration for purposes of Rule 32(a)(3). Accordingly, PenSa may offer his deposition testimony at trial without regard to the fact that he resides within 100 miles of the trial location.

2. Carlos Gonzales. The record before the Court reflects that Mr. Gonzales held the position of Exploration Manager for Bays Exploration during the time relevant to the issues in this lawsuit; he executed several Authorizations for Expenditure ("AFE") in that capacity. *See, e.g.,* documents included in Plaintiff's Ex. 22. According to Joe Bays's trial testimony, Mr. Gonzalez is a geologist and geophysicist who has worked for Bays for 15 years. Mr. Bays's trial testimony indicates he

relied on Mr. Gonzales's expertise regarding exploration, well operation and completion, and other field operations.  Mr. Gonzalez's deposition reflects he was in charge of geological work, planning for the drilling of wells, and the actual drilling of the wells (including on-site work). He also made decisions regarding well operations.  Mr. Bays's trial testimony indicated Mr. Gonzalez is a key person for the company in terms of exploration and development of wells.

Based on the information presented to the Court and the trial testimony to date, the Court concludes that Mr. Gonzales had sufficient responsibility and decision-making authority to qualify as a "managing agent" for Rule 32(a)(3) purposes. PenSa may offer his deposition testimony at trial.

3. <u>Joey Oxley.</u>   In his deposition, Mr. Ramsey described Ms. Oxley as the "accounting manager" for Bays. Ramsey dep., p. 15, lines 1-2. In her deposition, Ms. Oxley testified she has worked for Bays for 13 years; she handles the payroll, is in charge of accounts payable and accounts receivable, and she makes bank deposits. Oxley dep., pp. 18-20; 25-28.  She does not sign checks, but prepares them for Joe Bays's signature.  Ms. Oxley testified she is not an accountant, and does not have training as an accountant. Oxley dep., p. 18, lines 2-5.  Her deposition testimony does not reflect that she had authority to make final decisions for Bays Exploration, and it indicates that she operated under the direction of Mr. Bays with respect to preparation of checks and related financial matters. Although she testified that she was aware of PenSa's default in payments, the information before the Court does not support a conclusion that she had authority to suspend PenSa's rights or take any other action unless directed to do so by Mr. Bays.  There is no information suggesting that she exercised control or had decision-making authority to act on behalf of Bays Exploration. Accordingly, the Court concludes the evidence does not support a finding that she was a "managing agent" for Bays Exploration, and her deposition testimony cannot be presented by PenSa in lieu of

live testimony under Fed. R. Civ. P. 32(a)(3). Plaintiffs' objection to her testimony by deposition in lieu of live testimony is sustained.

4. George Matson.   The evidence before the Court establishes that Mr. Matson joined Bays Exploration in 2008 and held the position of landman. In that capacity, he wrote default letters to PenSa starting in September, 2008. *See* Defendant's trial exhibit 8. In his deposition, Mr. Matson described his job as "handled oil and gas activities in the land department" for Bays. Matson dep., p. 18, lines 10-11. It appears he is in charge of the land department, and has one landman "working for" him. Dep., p. 18. Mr. Matson testified that Mr. Bays was his supervisor, and he was required to obtain Mr. Bays's approval on matters related to lease acquisitions, expenditures, the issuance of checks, and related matters. Matson dep., p. 19. With respect to his sending the 2009 Notice of Suspension of Rights letters to PenSa, Mr. Matson testified the letters "would have been approved by Joe Bays" before he sent them to PenSa. Matson dep., pp. 63-64. He testified he received directions and information regarding working interest owners who were in default from "Joe Bays and accounting." *Id.*, p. 68. Although he received the January 2009 PenSa "material breach" letter, he testified it would first have gone directly to Joe Bays, as all mail generally is first received by Mr. Bays, who then "disseminates the mail" to others. Matson dep., p. 62-63.

Based on the information in the record and the deposition testimony, the Court concludes that Mr. Matson did not have final authority or control over decisions relevant to the issues in this lawsuit. Instead, his actions required the approval of Joe Bays. The Court finds that Mr. Matson does not qualify as a "managing agent" for Rule 32(a)(3) purposes. Accordingly, his deposition may not be used at trial in lieu of his live testimony. Plaintiffs' objection is sustained.

5. Maria Cox.   In her deposition, Ms. Cox was described as Mr. Ramsey's assistant. Cox

dep.,p.20,lines 13-23. She testified that she handles correspondence on behalf of Bays Exploration, including correspondence to customers, vendors, and the Corporation Commission; she also assists in filing reports with the Corporation Commission. In his deposition, Mr. Ramsey testified that Ms. Cox worked "mostly for me." Ramsey dep., p. 73. According to Ms. Cox, Mr. Ramsey directs her as to when reports are to be sent to working interest owners. However, she sends daily drilling reports without waiting for directions from Mr. Ramsey or anyone else; other reports, such as completion reports, are sent at Mr. Ramsey's direction. Cox dep., p. 22. Ms. Cox also testified that she did not make decisions to suspend reports when working interest owners were in default; someone in accounting or the land department would notify her of the default, and would direct that the information be suspended. *Id.* at pp. 26-27. With respect to the land department, she testified default information was initially provided by Nick Watkins and Joe Van Auken; later, it was provided by Mr. Matson. Cox dep., p. 27. The land department also notified her when defaults were cured; she would then send reports as soon as possible to those owners, and these reports were sent via email or mail. *Id.* at p. 29. Ms. Cox also testified that she sent revenue statements to working interest owners; if they were not in default, she sent a statement within about five days after receiving the purchasers' statements. If they were in default, she waited until Mr. Ramsey or Mr. Watkins approved the sending of statements. Cox dep., p. 50.

      The information before the Court does not support a finding that Ms. Cox had sufficient authority or control to qualify as a "managing agent." Although she received communications and requests for information from PenSa and was aware that PenSa was in default, there is no evidence suggesting that she had the authority to take any action or make any decision regarding PenSa without first consulting Mr. Ramsey. The Court concludes she does not qualify as a managing agent

for Rule 32(a)(3) purposes.  Accordingly, Plaintiffs' objection to her testimony by deposition is sustained.

Conclusion:

As set forth herein, Plaintiffs' objections to the testimony by deposition of Joe Bays, Steve Ramsey, and Carlos Gonzalez are overruled because they are either officers or managing agents of Bays Exploration, and their testimony by deposition is authorized by Fed. R. Civ. P. 32(a)(3). Plaintiffs' objections to the testimony by deposition of Joey Oxley, George Matson and Maria Cox are sustained, as those individuals do not qualify as "managing agents" of Bays Exploration. If these witnesses do not appear voluntarily, PenSa may subpoena them for live testimony at trial.

IT IS SO ORDERED this 12th day of January, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE